**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Roxane M. Haynes |
| (Spouse, if filing) | |
| Debtor 2 | |

**United States Bankruptcy Court for the District of Maine**

Case No. 20-20236

(If known)

☐ Check if this is a modified Plan

[ ] Modified Plan

**(e.g., 1st, 2nd)**

All modified plan sections must be identified here:

_____

# Maine Bankruptcy Form 2

_____

## Chapter 13 Plan                                                                                          05/19

### Part 1:   Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.

In the table below, you must check each box that applies.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation within the time specified in the notice of hearing to consider confirmation (which may be sent to you separately). The Bankruptcy Court may confirm this plan without further notice if no timely objection to confirmation is filed.

The table below may be of particular importance to creditors. Debtor(s) must check only one box on each line. If an item is checked as "Not Included" or if both boxes for an item are checked or if no boxes for an item are checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in § 3.2, which may result in a partial payment or no payment at all to the secured creditor.** | ○ Included | ● Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4.** | ○ Included | ● Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ● Included | ○ Not Included |

**Part 2:** **Plan Payments and Length of Plan**

**2.1** **Petition Date.**

This chapter 13 case started on __**Jun 23, 2020**__. *Insert the date on which the chapter 13 petition was filed or the date on which the case was converted to a chapter 13 case.*

**2.2** **Applicable Commitment Period.**

The applicable commitment period in this case is __**36**__ months. *The applicable commitment period is either 36 months or 60 months. The applicable commitment period for this case can be found on Official Form 122C-1 and should be restated here.*

**2.3** **Debtor(s) will make regular payments to the trustee as follows:**

|   | Monthly payment amount | Number of months | Beginning date |
|---|---|---|---|
| + / - | $1,115.00 | 52 | Jul 23, 2020 |

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the distributions specified in this plan.

**2.4** **Regular payments to the trustee will be made from future income in the following manner:**
*Check all that apply.*

☒ Debtor(s) will make payments directly to the trustee.

☐ Debtor(s) will make payments to the trustee pursuant to a payroll deduction order. Prior to the entry of a payroll deduction order, the Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment):

**2.5** **Income Tax Refunds.**
*Check one.*

☒ Debtor(s) will also pay to the trustee, as additional plan contributions, all state and federal income tax refunds (in the aggregate) in excess of $1,500 per year per debtor. All such excess tax refunds must be paid to the trustee within 14 days after receipt.

☐ Debtor(s) will treat income tax refunds as follows:

**2.6** **Additional Payments.**
*Check one.*

☒ None. *If "None" is checked, the rest of § 2.6 need not be completed.*

☐ Debtor(s) will make additional payments to the trustee from other sources, as specified below. *Describe the source, estimated amount, and date of each anticipated payment.*

**2.7** **The total amount of estimated payments to the trustee provided for in §§ 2.3 and 2.6 is __$57,980.00__**

**3.1    Maintenance of payments and cure of default, if any, under 11 U.S.C. § 1322(b)(5).**

*Check one.*

☒    **None.** *If "None" is checked, the rest of § 3.1 need not be completed.*

☐    The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or by the debtor(s) directly, as specified below. If the debtor(s) will disburse the current contractual installment payments directly, then all such payments will be made beginning with the first such payment due after the petition date, and the debtor(s) will make the current contractual installment payments prior to the filing of a proof of claim by the creditor.

Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.

In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling as to the current installment payment and arrearage. Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage.

*Insert additional claims as needed.*

**3.2    Request for valuation of security, payment of certain secured claims, and bifurcation of claims under 11 U.S.C. § 506(a).**

*Check one.*

☒    **None.** *If "None" is checked, the rest of § 3.2 need not be completed.*

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☐    The debtor(s) request, under 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012(b), that the Court determine that the amount(s) of the secured claim(s) listed below correspond to the amount(s) in the column titled "Amount of secured claim". A request to determine the amount of a secured claim held by a governmental unit may be made only by motion or in a claim objection.

If this plan is confirmed as filed and the foregoing request is granted, (i) the amount of each secured claim listed below will be paid in full with interest at the rate stated below; and (ii) to the extent that the total amount of each claim listed below exceeds the amount of the secured claim, such claim shall be treated as unsecured under Part 5 of this plan.

Despite the foregoing request under 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012(b), the total amount of each claim listed below will be controlled by any timely filed proof of claim and the disposition of any objections thereto.

*Insert additional claims as needed.*

**3.3    Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☒    **None**. *If "None" is checked, the rest of § 3.3 need not be completed.*

☐    The claims listed below were either:

(a)    incurred within 910 days before the petition date and secured by a purchase-money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(b)    incurred within 1 year of the petition date and secured by a purchase-money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or by the debtor(s) directly, as specified below. Unless otherwise ordered by the Court, the claim amount stated on a timely-filed proof of claim controls over any contrary amount listed below. In the absence of a contrary, timely-filed proof of claim, the amounts stated below are controlling.

*Insert additional claims as needed.*

**3.4** **Lien avoidance.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed.*

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☐ The judicial liens or nonpossessory, non purchase-money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, the judicial lien or security interest securing the claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. *See* 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d).

*If more than one lien is to be avoided, provide the information separately for each lien.*

*Insert additional claims as needed.*

**3.5** **Surrender of Collateral.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed.*

☐ The debtor(s) elect to surrender the collateral identified below. The debtor(s) request that the stays under 11 U.S.C. § 362(a) and 11 U.S.C. § 1301 be terminated as to that collateral, with the termination of such stays being effective immediately upon confirmation of the plan. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

*Insert additional claims as needed.*

**3.6** **Relief from Stay.**

If relief from the automatic stay imposed by 11 U.S.C. § 362(a) is ordered as to any item of collateral listed in §§ 3.1, 3.2, 3.3, or 3.4 then, unless otherwise ordered by the Court, when the relief from the automatic stay becomes effective, all payments under this plan as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**3.7** **Lien Retention.**

The holder of any allowed secured claim provided for by the plan in §§ 3.2, 3.3, or 3.4 will retain the holder's lien(s) on all property interest(s) of the debtor(s) or the estate(s) until the earlier of:

(a) payment in full of the underlying debt determined under non-bankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

In addition, if this chapter 13 case is dismissed or converted without the completion of the plan, all such liens will be retained by the holders of such liens to the extent recognized by applicable nonbankruptcy law.

## Part 4: Treatment of Fees and Priority Claims

**4.1** **General.**

Trustee's fees and all allowed expenses and allowed claims having priority under 11 U.S.C. § 507(a), including domestic support obligations other than those treated in § 4.5, will be paid by the trustee in full without post-petition interest.

**4.2** **Trustee's Fees.**

Trustee's fees may change during the course of the case but are estimated to be **10.00%** of plan payments. During the plan term, they are estimated to total **$5,798.00**.

**4.3** **Attorney Fees.**

The estimate of the total attorney fees and expenses for the debtor(s) for the chapter 13 case is **$9,408.07**. Before the beginning of the chapter 13 case, the attorney received payments or retainers in the total amount of **$3,000.00**. The difference between the estimate and the payments and/or the retainers is **$6,408.07**. *The last amount specified in this § 4.3 should be included in the Exhibit to this plan.*

**4.4** **Priority claims other than attorney fees and those in § 4.5.**

*Check one.*

☒ **None**. *If "None" is checked, the rest of § 4.4 need not be completed.*

☐ The debtor(s) estimate the total amount of priority claims (exclusive of attorney fees and expenses and domestic support obligations treated in § 4.5) to be _____ .

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒ **None**. *If "None" is checked, the rest of § 4.5 need not be completed.*

☐ The priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.3 be for a term of 60 months. See* 11 U.S.C. § 1322(a)(4).

*Insert additional claims as needed.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

If the estate(s) of the debtor(s) were liquidated under chapter 7 on the effective date of this plan, the value of property that would be distributed to the holders of allowed nonpriority unsecured claims would be approximately **$45,773.93** .

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata shares of the sum of (a) **$45,773.93** and (b) any funds remaining after all other disbursements provided by this plan have been made.

Notwithstanding the foregoing, the holder of a "small claim" may be paid promptly at the discretion of trustee. The term "small claim" means (i) any allowed nonpriority unsecured claim that is $50.00 or less; or (ii) any allowed nonpriority unsecured claim greater than $50.00 for which the pro rata dividend under this § 5.1 would be less than $50.00. With respect to (i), the trustee may pay all such small claims in full. With respect to (ii), the trustee is authorized to pay a dividend of $50.00 to each such small claim.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒ **None**. *If "None" is checked, the rest of § 5.2 need not be completed.*

☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or by the debtor(s) directly, as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

*Insert additional claims as needed.*

**5.3** **Other separately classified nonpriority unsecured claims.**

*Check one.*

☒ **None**. *If "None" is checked, the rest of § 5.3 need not be completed.*

☐ The nonpriority unsecured claims listed below are also separately classified and will be treated as follows:

*Insert additional claims as needed.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check One*

☒ **None**. *If "None" is checked, the rest of § 6.1 need not be completed.*

☐ **Assumed items.** Current installment payments will be disbursed either by the trustee or by the debtor(s) directly, as specified below, subject to any contrary Court order or rule. Arrearage payments will be disbursed by the trustee.

*Insert additional contracts or leases as needed.*

| Part 7: | Section 1326 Payments, Vesting, and Post-Confirmation Borrowing |
|---|---|

**7.1**  **Payments under 11 U.S.C. § 1326(a)(1)(B) and (C).**

☒  ***None***. *If "None" is checked, the rest of § 7.1 need not be completed.*

☐  The estimated payments described in § 2.7 include amounts intended by the debtor(s) to serve as either post-petition lease payments under 11 U.S.C. § 1326(a)(1)(B), adequate protection payments under 11 U.S.C. § 1326(a)(1)(C), or both. To the extent authorized by local rule or other order of the Court, the trustee will, prior to confirmation of this plan, disburse post-petition lease payments or adequate protection payments to the following creditors:

*Insert additional provisions as needed.*

**7.2**  **Vesting of Property of the Estate.**

Property of the estate will vest in the debtor(s) upon entry of a discharge under 11 U.S.C. § 1328, unless otherwise specified in Part 8 below.

**7.3**  **Post-Confirmation Borrowing by Debtor(s).**

After confirmation of the plan, the debtor(s) may incur debt to purchase a motor vehicle for personal, family, or household use with the prior written consent of the trustee. If the prior written consent of the trustee is obtained for the debt, no order of the Court with respect to the borrowing is necessary. Nothing in this § 7.3 prohibits the debtor(s) from seeking an order of the Court authorizing post-confirmation borrowing.

| Part 8: | Nonstandard Plan Provisions |
|---|---|

**8.1**  **Nonstandard Plan Provisions.**

☐  ***None***. *If "None" is checked, the rest of § 8.1 need not be completed.*

**Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision deviating from or not otherwise included in Maine Bankruptcy Form 2. Nonstandard provisions set out elsewhere in this plan are void and ineffective.**

***The following plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.***

| |
|---|
| Creditor Carrington Mortgage Services, LLC of 1600 South Douglas Rd. Suite 200-A Anaheim, CA 92806, filed a Writ of Execution on Debtor's property located at 27 Milliken Rd. Scarborough, ME 04074 in the Cumberland County Registry of Deeds Maine Doc: 22218  BK:36646  PG:143 Recorded 4/30/2020  9:44 a.m. in the amount of $275,258.78. Debtor seeks to avoid the writ of execution as a preferential transfer under 11 U.S. Code Section 547. |
| Mortgage lien claimed by Carrington Mortgage Services, LLC  and recorded in Cumberland County Registry of Deeds DOC: 64039  BK: 26457  PG: 106  was deemed unenforceable pursuant to The United States District Court District of Maine Decision and Order dated March 19, 2020 (DE#141) by Honorable Judge Nancy Torresen dismissing the foreclosure, and shall be discharged in full. Debtor seeks a separate recordable order on the mortgage discharge. |

| |
|---|
| Section 4.1 notwithstanding, the Trustee shall pay all allowed attorney fees and expenses  only to the extent of available funds. |

**Part 9:** **Signature(s)**

**9.1** **Signatures of Debtor(s) and Attorney.**

*The signatures of the debtor(s) and the attorney, if any, must appear below.*

✘ /s/ Roxane M. Haynes

Signature of Debtor 1

Signature of Debtor 2

Date: Jun 26, 2020

Date:

✘ /s/ James F. Molleur

Signature of Attorney for Debtor(s)

Date: Jun 23, 2020

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) certify, or certifies, that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Maine Bankruptcy Form 2, other than any nonstandard provisions included in Part 8.**

# EXHIBIT: Estimated Payments by Debtor(s) and Estimated Disbursements by Trustee

The sum of the estimated payments by the debtor(s) under this plan to the trustee, excluding tax refunds, is: $57,980.00
*Insert the total of the estimated payments in Part 2, § 2.7.*

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | Maintenance and cure payments on secured claims (Part 3, § 3.1 total) | $0.00 |
| b. | Modified secured claims (Part 3, § 3.2 total) | $0.00 |
| c. | Secured claims excluded from 11 U.S.C. § 506 (Part 3, § 3.3 total) | $0.00 |
| d. | Judicial liens or security interests partially avoided (Part 3, § 3.4 total) | $0.00 |
| e. | Trustee's fees (Part 4, § 4.2 total) | $5,798.00 |
| f. | Attorney fees (Part 4, § 4.3 last amount specified) | $6,408.07 |
| g | Priority claims (Part 4, § 4.4 total) | $0.00 |
| h. | Domestic support obligations owed or assigned to government (Part 4, § 4.5 total) | $0.00 |
| i. | Nonpriority unsecured claims (Part 5, § 5.1, amount of payments) | $45,773.93 |
| j. | Maintenance and cure payments on unsecured claims (Part 5, § 5.2 total) | $0.00 |
| k. | Separately classified unsecured claims (Part 5, § 5.3 total) | $0.00 |
| l. | Executory contracts and unexpired leases (Part 6, § 6.1 total) | $0.00 |
| m. | Nonstandard plan provisions (Part 8) | $0.00 |
| | Total of Lines a - m | $57,980.00 |

**Print to PDF**

**In order to upload to CM/ECF you must print this document to PDF.**